IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT CHAPMAN                                                                    PLAINTIFF

V.                                        NO.  2:07-CV-2053

MICHELLE MOTT and
VAN SY NGUYEN                                                                    DEFENDANTS

## O R D E R

Before the court is the Plaintiff's Motion In Limine (Doc. 20) filed December 1, 2008.  The

Separate Defendant Van Sy Nguyen, filed a Response (Doc. 27) on December 11, 2008.

This lawsuit arises out of an automobile accident that occurred on December 4, 2000.  The

Plaintiff claims he suffered physical injuries and a Traumatic Brain Injury as a result of this accident

which caused cognitive dysfunction.  In support of his claim, the Plaintiff took the videotaped

deposition of Michael Klitzke, Ph.D.  Dr. Klitzke is a clinical psychologist specializing in

neuropsychology.

Plaintiff has filed a Motion in Limine seeking to prevent the defendants from introducing

certain evidence and asserting specific claims.  (Doc. 20).  The law of evidence in federal courts is

designed to permit admission of all evidence which is relevant and material to the issues in

controversy, unless there is a sound and practical reason for excluding it.  *See* FED. R. EVID. 402.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be

without the evidence.  FED. R. EVID. 401.

Plaintiff seeks to prohibit the defendants from asserting or presenting:

(a)  Any claim that Plaintiff delayed filing suit to gain a tactical advantage.  The Defendant has not objected to this request and the Motion as to (a) is **GRANTED**.

(b)  Any suggestion that this proceeding is barred by the statute of limitations.  The Defendant has not objected to this request and the Motion as to (b) is **GRANTED**.

(c)  Evidence of collateral sources that paid medical bills of the Plaintiff, except to the extent that such evidence is introduced by Plaintiff.  The Defendant has not objected to this request and the Motion as to (c) **is GRANTED**.

(d)  Arguments concerning the Civil Justice Reform Act of 2003.  The Defendant has not objected to this request and the Motion as to (d) is **GRANTED**.

(e)  Evidence of multiple marriages of the Plaintiff.  The Defendant has objected to the Motion.  The Plaintiff's emotional and mental condition is relevant to the issues the Plaintiff is claiming as part of this lawsuit. (Doc. 1, para. 7).  The Defendant contends that the medical records will show that the Plaintiff suffered from depression and/or anxiety because of his failed relationships.  The Motion as to (e) is **DENIED**.

(f) Evidence of Plaintiff being granted disability by the United States Army or that Plaintiff receives any disability payments.  The Defendant has indicated that he does not intend to introduce any evidence of disability payments and the Plaintiff's Motion as to (f)(2) and mention of disability payments is **GRANTED**.

The Defendant has objected to (f)(1) evidence of Plaintiff being granted disability by the United States Army.  The Defendant has contended that the "Plaintiff is on disability from the Army as a result of hypothyroidism and as a result of PTSD".  The Defendant contends that this condition

pre-existed the automobile accident.  The court finds this evidence to be relevant and the Plaintiff's

Motion as to (f)(1) is **DENIED**.

(g) Evidence regarding fault in a second motor vehicle accident in which Plaintiff was

involved.  The Defendant has not objected to this request and the Motion as to (g) is **GRANTED**

only to the extent the evidence sought to be admitted refers to fault.

IT IS SO ORDERED this 19th day of March 2009.


/s/ *J. Marschewski*

HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE