IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT CHAPMAN                                                                 PLAINTIFF

     V.                              NO.  2:07-CV-2053

MICHELLE MOTT and
VAN SY NGUYEN                                                                DEFENDANTS

## O R D E R

Before the court is the separate defendant Michelle Mott's Motion In Limine (Doc. 21) filed December 1, 2008.  The plaintiff filed a Response (Doc. 30) on December 15, 2008.  The separate defendant Van Sy Nguyen filed a Motion to Adopt (Doc. 28) on December 11, 2008.  The separate defendant Michelle Mott filed her Reply (Doc. 31) on December 22, 2008.

This lawsuit arises out of an automobile accident that occurred on December 4, 2000.  The plaintiff claims he suffered physical injuries and a Traumatic Brain Injury as a result of this accident which caused cognitive dysfunction.  In support of his claim, the plaintiff took the videotaped deposition of Michael Klitzke, Ph.D., a clinical psychologist specializing in neuropsychology. During his deposition, Dr. Klitzke referred to the plaintiff's medical records from Walter Reed Army Hospital.

The defendants now seek to prohibit the introduction into evidence of the medical records of the plaintiff from Walter Reed Army Hospital.  (Doc. 21, Exhibit A).  Defendants contend that the records state opinions without an adequate foundation or basis, pursuant to Rule 702 of the Federal Rules of Evidence, and that their probative value is substantially outweighed by the danger of confusion of the issues and unfair prejudice pursuant to Rule 403 of Federal Rules of Evidence.

FED. R. EVID. 702, 403.

Rule 803 of the Arkansas Rules of Evidence provides that the following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> (6) Records of Regularly Conducted Business Activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

ARK. R. EVID. 803 (6); *see also* FED. R. EVID. 803 (6). Further, The Hospital Records Act also creates an exception to the hearsay rule for medical records. ARK. CODE ANN. § 16-46-306.

It is clear that Dr. Klitzke utilized, referenced, and based his opinion in part upon the medical records from Walter Reed Army Hospital which the plaintiff brought into him. (Doc. 19, Exhibit 1, page 7). He testified that the referring doctor was aware that the plaintiff "had previously had treatment for his brain injury at Walter Reed after that accident and there was concerns that some of the cognitive dysfunction related to the accident was still affecting him." (Doc. 19, Exhibit 1, page 7-8).

Dr. Klitzke testified that Walter Reed Army Hospital had diagnosed the plaintiff with a brain injury and treated him for some time. (Doc. 19, Exhibit 1, page 9). At this time, it appears that the witness was handed a copy of at least a portion of the medical records from Walter Reed Army Hospital, he identified the records, and they were attached as exhibit number 1 to the deposition.

The neuropsychological evaluation for 4/30/01 and 5/3/01 states that it is the first

neuropsychological evaluation for the plaintiff who "sustained a closed head injury with brief LOC secondary to an MVA on 12/4/00." (Doc. 21, Exhibit A). This language is repeated verbatim for the evaluation conducted 11/12-14/01, and 6/12-13/2002. In the 12-month follow up evaluation the language used is that the plaintiff "suffered no loss of consciousness and no retrograde amnesia, but does not recall the moment of the impact." The defendants argue that the evidence is not reliable under Federal Rule of Evidence 702 and, even if reliable, would be too confusing to the jury and will cause misunderstanding. FED. R. EVID. 702.

As to the argument that there is no scientific basis in the medical records for the opinions expressed, the court notes that at the time of the initial evaluation there were 20 tests administered to the plaintiff by Walter Reed Hospital. There is no argument that these tests are not generally accepted within the neuropsychological field. The tests were administered by a clinical neuropsychologist for the Defense and Veterans Head Injury Program (DVHIP) which is associated with Walter Reed Hospital. Under the heading of Attention/Executive Control Functions the doctor noted that the tests indicate that, while the plaintiff was "able to recall 8 digits forward[,] he was able to recall only 4 digits reversed suggesting difficulty with working memory." The doctor also stated that on a different auditory working memory measure the plaintiff's performance ranged from Low Average to Average but on measures involving visual sustained attention his performance was within Borderline limits and below expected and finally, on a test of information processing, his performance was within impaired to Borderline limits. The doctor then opined that "[T]he mild cognitive deficits noted on testing are consistent with SGT Chapman's history of closed head injury." During his second neuropsychological evaluation, plaintiff was administered another battery of tests, which was performed by the same doctor in November of 2001. She again opined that the "current

neuropsychological test results again indicate some residual cognitive difficulty in the area of attention/concentration."  The plaintiff was administered yet another battery of test during his third evaluation, which was performed by the same doctor in June of 2002.  She again opined that the "current neuropsychological test results continue to show some residual cognitive difficulty in the area of attention/concentration, in particular vigilance."  As such, it seems clear to the court that the records from Walter Reed Hospital do contain an adequate foundation or basis, as is required by Rule 702.

Similarly, defendants' argument that the records are inadmissible because their probative value is substantially outweighed by the danger of confusion of the issues and unfair prejudice will also fail.  Specifically, the defendants contend that the psychiatric records are confusing because they do not indicate what the tests measure or how they are connected to the plaintiff's alleged head injury.  Further, they contend that the records are also inconsistent, sometimes referring to a head injury and a loss of consciousness and other times stating that plaintiff had no loss of consciousness.  The court notes, however, that although the records do go from diagnosing retrograde amnesia with a  loss of consciousness to diagnosing no loss of consciousness or retrograde amnesia, it is consistently noted that the plaintiff does not remember the moment of impact.  It is also Dr. Klitkze's testimony that a loss of consciousness is not critical to the diagnosis of a brain injury.

Therefore, the court does not agree that the records are confusing or so internally inconsistent as to render them inadmissible.  Accordingly, the Defendant's First Motion in Limine is DENIED.

IT IS SO ORDERED this 19th day of March 2009.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE